UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO.: 4:21-CR-00215-BRW-1 |
| ) | |
| ) | |
| CHRISTOPHER DAVID HIGGINS ) | |

## MOTION FOR TEMPORARY RELEASE

The Defendant, Christopher David Higgins, by and through his counsel, Erin Cassinelli, states in support of his Motion for Temporary Release.

1. On May 8, 2019, the Grand Jury for the U.S. District Court for the Eastern District of Arkansas returned an indictment charging Mr. Higgins with conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846; and one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Mr. Higgins entered pleas of not guilty. Trial is set for May 4, 2021.

2. On September 16, 2019, Magistrate Judge Joe Volpe released Mr. Higgins on conditions.

3. On September 2, 2021, the Grand Jury for the U.S. District Court for the Eastern District of Arkansas returned a new indictment on Mr. Higgins charging him with possession of firearms in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 3147; and one count of possession with intent to distribute less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule 1 controlled substance, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(D). Mr. Higgins subsequently entered pleas of not guilty and his cases have been consolidated. He has been in custody since the return of the second indictment.

4. On March 16, 2022, Mr. Higgins entered a plea of guilty.

5. In 2020, Mr. Higgins had surgery to remove part of his colon due to a bowel abscess. During the surgery, two hernias were also discovered. Following the surgery, Mr. Higgins' stomach muscles did not heal properly, resulting in another hernia.[1] For years he has been waiting on a complex surgery to repair the hernia, which also requires Botox procedures on his abdominal wall muscles to attempt to strengthen them approximately three weeks prior to any surgery. Mr. Higgins is currently in custody in Phillips County Jail. Counsel has communicated with his medical provider to schedule an appointment to do lab work and imaging for May 3, 2022 at 8:30 am at the UAMS Surgery Clinic 4110 Outpatient Circle, Little Rock, AR 72205.

6. Mr. Higgins asks this Court to permit his temporary release so that he can attend this appointment to further the process of surgically repairing Mr. Higgins' medical issue. The appointment is at 8:30 am, but Mr. Higgins will need to arrive no later than 8:00 am. The family proposes picking him up from Phillips County Jail at 5:30 am and transporting him to the aforementioned location before returning him to the Phillips County Jail by 4:00 pm. It has been represented to defense counsel that this appointment will take quite some time as he needs to have a CT scan, blood work, and a consultation with his surgeon. Given the considerable distance involved[2] and the potential for delays with the jail that Mr. Higgins has already experienced, defense counsel feels the above times are the necessary minimum. The Higgins family stands ready to comply with any additional conditions the Court feels are appropriate.

---

[1] Counsel can attest that Mr. Higgins' stomach is alarmingly distended. She can provide the court a photo upon its request.
[2] Total distance traveled for Mr. Higgins will be 240 miles and approximately 2.25 hours in travel time.

2

7.  This upcoming appointment is one of several that will need to be scheduled in order accomplish Mr. Higgins' surgery. Mr. Higgins will still need injections, the surgery, and post-operative checkups. Each event will, in turn, need to be scheduled and defense counsel will file a motion requesting his release prior to each appointment. It is necessary to perform the surgery with the medical team who has evaluated him over time, as the surgical procedure is complex and it is doubtful it could be adequately performed through BOP outside medical services.

8.  AUSA Benecia Moore defers to the Court's judgment as to this request.

WHEREFORE, the Defendant, Christopher Higgins, asks the Court to grant his motion, and for any other relief the Court finds appropriate.

Respectfully Submitted,

**Erin Cassinelli**
ABN 2005118
erin@lcarklaw.com
**LASSITER & CASSINELLI**
300 S. Spring St., Ste. 800
Little Rock, AR 72201
(501) 370-9300
**Attorney for Defendant**